IN RE PETITION OF WILLIAM A. CLAERHOUT,
PETITIONER.

No. 11301

IN RE PETITION OF RICHARD J. TETREAULT,
PETITIONER.

No. 11302

IN RE PETITION OF EARL T. AYERS,
PETITIONER.

No. 11303

February 7, 1979                                        590 P.2d 620

[Rehearing denied March 7, 1979]

*Morse-Foley,* Las Vegas, for Petitioners.

*Samuel S. Lionel,* Las Vegas, and *David Hagen,* Reno, for Respondents, the State Bar of Nevada and its Board of Bar Examiners.

## OPINION

*Per Curiam:*

By SCR 65(1), the board of bar examiners is required to administer to all applicants a written bar examination consisting of two parts:

> One part shall be the Multistate Bar Examination prepared by the National Conference of Bar Examiners and the other part shall be a one-day essay examination. Each part shall be given on successive days. The same subjects may be covered on both parts. *Each part shall be entitled to equal weight in the grading of the examination.* (Emphasis added.)

The board of bar examiners grades each question on the essay half of the examination with a score ranging up to 100. The average of each applicant's scores on the essay questions constitutes his or her grade on the essay half of the examination. No issue is raised here concerning the propriety of the essay grades. In these cases, the problem relates solely to the manner utilized to assign percentage values to the various applicants' raw multistate scores, in order to equate that half of the examination to the essay half.

The facts are not in dispute. Counsel representing the State Bar of Nevada and the board of bar examiners acknowledges that, for the multistate half of the examination, the ostensible percentage scores assigned to the various applicants represented neither a percentage of the total possible raw score, nor a percentage of the highest raw score actually achieved, nor a percentage of anything else. The multistate scores were not equated or scaled to the essay scores in any even manner. Rather, different applicants received varying percentage-value scores for each multistate question correctly answered. Those with the higher raw scores were assigned a smaller percentage value for each correct question, as compared with those having lower raw scores. Thus, because percentage grades were

unevenly assigned to the raw multistate scores, certain applicants, whose high raw multistate scores were combined with relatively low essay scores, failed, while applicants achieving low raw multistate scores, along with relatively high essay grades, passed. Therefore, it cannot be said that the examination's two halves received equal weight in all cases. Relative weight varied substantially, with adverse impact upon those whose best area of performance had been the multistate half. All this, in effect, stands admitted by respondents' counsel.

Petitioners' counsel directs attention to the fact that Applicant No. 135, who received a raw multistate score of 120, passed the examination, while 23 other applicants with an equal or higher multistate score failed.[1] Eighteen of those twenty-three would have passed, if the board of bar examiners had accorded equal weight to each correct multistate answer, in converting raw multistate scores to a percentage grade. In particular, it appears that Applicant No. 135, with the lowest raw multistate score achieved by any passing applicant, was accorded a percentage score of .6145 for each correct multistate answer. Reviewing the grades of all applicants with a raw multistate score of 120 or more, and according the same percentage value to each of their correct answers, we recalculate such grades as follows:

| Applicant number | Essay | MS raw score | .6145 factor score | Adjusted grade |
|---|---|---|---|---|
| 5 | 71.55 | 121 | 74.35 | 72.9 |
| 37 | 68.66 | 139 | 85.42 | 77.0 |
| 40 | 72.66 | 137 | 84.19 | 78.4 |
| 44 | 74.33 | 130 | 79.89 | 77.1 |
| 64 | 73.77 | 122 | 74.97 | 74.3 |
| 66 | 73.88 | 124 | 76.19 | 75.0 |
| 68 | 74.55 | 126 | 77.43 | 75.9 |
| 72 | 72.99 | 125 | 76.81 | 75.0 |
| 73 | 73.88 | 129 | 79.27 | 76.6 |
| 79 | 68.77 | 127 | 78.04 | 73.4 |
| 81 | 72.10 | 129 | 79.27 | 75.6 |
| 84 | 73.55 | 136 | 83.57 | 78.5 |
| 96 | 73.77 | 128 | 78.66 | 76.2 |
| 100 | 70.22 | 133 | 81.73 | 75.9 |
| 106 | 72.77 | 143 | 87.87 | 80.3 |

[1]Petitioners are in this category, and, on the basis of issues they have raised, we here also review and recalculate the final grades of all those similarly situated. The grades of applicants who received a raw multistate score of less than 120 could not be affected, and therefore need not be recalculated.

| Applicant number | Essay | MS raw score | .6145 factor score | Adjusted grade |
|---|---|---|---|---|
| 108 | 73.88 | 123 | 75.58 | 74.7 |
| 128 | 73.88 | 126 | 77.43 | 75.6 |
| 130 | 73.66 | 128 | 78.66 | 76.1 |
| 137 | 73.88 | 132 | 81.11 | 77.4 |
| 168 | 74.99 | 124 | 76.20 | 75.6 |
| 169 | 73.66 | 142 | 87.26 | 80.4 |
| 170 | 73.77 | 121 | 74.35 | 74.1 |
| 181 | 72.88 | 134 | 82.34 | 77.6 |

Thus, it appears to us that applicants 37, 40, 44, 66, 68, 72, 73, 81, 84, 96, 100, 106, 128, 130, 137, 168, 169 and 181 should be deemed to have passed the 1978 bar examination, according the same percentage weight to each of their correct multistate answers as the board of bar examiners allowed to each of Applicant No. 135's correct answers.

Accordingly, upon expiration of the time to petition for rehearing, an appropriate order will enter, admitting such applicants to the practice of law if their qualifications be otherwise established.[2]

---

[2]The Governor designated the Honorable Michael Fondi, a Judge of the First Judicial District, to sit in the place of CHIEF JUSTICE JOHN C. MOWBRAY, who was disqualified. Nev. Const. art. 6, § 4.