IN RE PETITION OF JAMES M. CAIN, PETITIONER.

No. 12296

June 4, 1980                                              611 P.2d 1092

*James M. Cain,* in proper person.

*Samuel S. Lionel,* and *Thomas E. Lea,* Las Vegas, for Respondents, the State Bar of Nevada and the Board of Bar Examiners.

## OPINION

*Per Curiam:*

James M. Cain did not receive a passing grade on the 1979

---

[1]Governor Robert List designated Hon. William N. Forman, District Judge, to sit in this case in place of HON. CAMERON BATJER, Justice, who voluntarily disqualified himself. Nev. Const. art. 6, § 4.

Nevada bar examination. Therefore, the Board of Bar Examiners recommended that he not be admitted to practice law in Nevada. Cain has petitioned for review.

The basis of Cain's petition is that the method of scoring the examination was improper. He argues that the assignment of scale scores to the essay portion of the examination in determining his final score was arbitrary and capricious, and distorted his essay scores with respect to his score on the multistate portion of the examination in violation of SCR 65[1] and our holding in In re Claerhout, 95 Nev. 86, 590 P.2d 620 (1979).

In *Claerhout* we held that the method of scoring the 1978 examination violated SCR 65 because "the examination's two halves [did not receive] equal weight in all cases." *Id.* at 88, 590 P.2d at 621. The crux of the problem in *Claerhout* was stated as follows, *id.* at 87–88, 590 P.2d 620–621:

> The multistate scores were not equated or scaled to the essay scores in any even manner. Rather, different applicants received varying percentage-value scores for each multistate question correctly answered. Those with the higher raw scores were assigned a smaller percentage value for each correct question, as compared with those having lower raw scores. Thus, because percentage grades were unevenly assigned to the raw multistate scores, certain applicants, whose high raw multistate scores were combined with relatively low essay scores, failed, while applicants achieving low raw multistate scores, along with relatively high essay grades, passed.

Such a problem does not exist here. Both the essay and multistate halves of the 1979 examination were assigned scale scores. Thus, an applicant who received a high raw multistate score and a low raw essay score did not find himself in the same predicament as a similar applicant in *Claerhout*. Since the scores of both halves of the 1979 examination were scaled, an applicant with a high raw multistate score and low raw essay score was accorded the same treatment as an applicant with a

[1]SCR 65(1) provides:

"All applicants for examination for licenses to practice as attorneys and counselors at law in this state shall be examined annually by the board of bar examiners by administering to all applicants a written bar examination consisting of two parts. One part shall be the Multistate Bar Examination prepared by the National Conference of Bar Examiners and the other part shall be a one-day essay examination. Each part shall be given on successive days. The same subjects may be covered on both parts. Each part shall be entitled to equal weight in the grading of the examination."

low raw multistate score and a high raw essay score. Accordingly, the method of scoring the examination did not violate the requirement of SCR 65.

Petition denied.